DAVIS, DIR. GENL. OF RDS., *v.* HUSSEY.

*Negligence—Federal Employers' Liability Act—Question for jury—Negligence of railroad and contributory negligence of plaintiff—Repairman injured when switch engine backed against car being repaired—Failure to block track or post flag on car—Comparative negligence—Damages to be diminished, when.*

In suit under federal Employers' Liability Act by repair man for injuries received when switch engine backed against car he was repairing, whether railroad was negligent and plaintiff contributorily negligent, in violation of Rules of Director General Nos. 162, 163, in not posting blue flag on car he worked on, *held* for jury, and if both were negligent, then, under Sections 8069 and 8071 Barnes' Fed. Code, Sections 8657 and 8659 U. S. Comp. Stats., jury could diminish damages in proportion to degree of plaintiff's negligence.

(Decided May 18, 1926.)

ERROR: Court of Appeals for Hamilton county.

*Messrs. Harmon, Colston, Goldsmith & Hoadly,* for plaintiff in error.

*Mr. John C. Herman* and *Mr. Patrick Kilgariff,* for defendant in error.

CUSHING, J. On November 30, 1919, John Hussey

was in the employ of James C. Davis, Director General of Railroads. While he was under one of defendant's cars, in the discharge of his duty as car repairman, a switching crew, without warning, backed a cut of cars against the car that was being repaired by Hussey, so that it moved. It stopped, and while Hussey was getting from under it, it was again bumped by the train in charge of the switching crew. The plaintiff was knocked over, dragged about 12 feet, the car ran over his left hand, and it became necessary to amputate it about three inches above the wrist.

Plaintiff charges that the defendant was negligent in ordering him to work repairing cars on a track that was not properly blocked, locked, or guarded, and that he was not warned, instructed, or informed as to the danger thereof, and also negligent in permitting engines and cars to be moved upon said track when plaintiff was working on the car.

The defendant charged that plaintiff's injuries were caused wholly by his own negligence in that he failed to protect himself by placing a blue flag at each end of the cut of cars upon which he was working, although he knew, or in the exercise of ordinary care should have known, of the necessity of such protection, and further charged that plaintiff was required by the rules of the Director General of Railroads to place such blue flag for his protection upon any cut of cars upon which he was working.

The reply denied that plaintiff was negligent or that he failed to protect himself by placing a

blue flag on said cut of cars, and denied the other allegations of defendant's affirmative defenses.

A blue flag was on the south end of the car, and plaintiff claimed that he did not know that the track was open to the north.

The railroad was being operated by the Director General of Railroads at the time of the employment and the accident.

At the trial it was admitted that the recovery, if any, was under the provisions of the federal Employers' Liability Act, passed by Congress April 22, 1908. 35 Stats. at L., 65; Section 8657 *et seq.*, U. S. Comp. Stats.; Section 8069 *et seq.*, Barnes' Fed. Code. The pertinent part of Section 8657 U. S. Comp. Stats., Section 8069, Barnes' Fed. Code, is:

"Every common carrier by railroad while engaging in commerce between any of the several States * * * shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, * * * for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier * * *."

Section 8659 U. S. Comp. Stats., Section 8071 Barnes' Fed. Code, reads in part: "In all actions * * * the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee * * *."

The rules of the Director General in force at the time of the accident and injury, promulgated

for the protection and safety of car repairmen, are rules 162 and 163.

"Rule 162. Switches of repair tracks will be kept locked with special locks, and men working on such tracks shall be notified before any switching is done. A competent person will be regularly assigned to perform this duty and held responsible for seeing it is performed properly.

"Rule 163. Trains or cars, while being inspected or worked on by train yardmen, will be protected by blue flag by day and blue light by night, which will not be removed except by men who place same."

Plaintiff charges that he was ordered to repair cars on a track that was not properly blocked or guarded, etc.

Defendant charges that the plaintiff was negligent in that he failed to place a blue flag on each end of the cut of cars on which he was working.

The evidence discloses that the railroad company placed the car on the track in question, carded it for repairs, and directed Hussey to repair it. It did not notify him that the track was open, nor warn him that the car was in any different location from other cars carded for repairs. It permitted an engine and cars to be moved on said track. Under the situation of this case, the Director General was charged with knowledge of the location of the car, that the plaintiff was ordered to repair it, and that he was working on it. Plaintiff went from other tracks to the one in question, placed a blue flag on the south end of the car, and proceeded with its repair. He did not ascertain, as he might have, that the track was open at the

north end. He was charged with knowledge of the blue flag rule, and that if such flags were properly placed he would be protected. This in brief is the situation presented by the record.

Plaintiff in error stresses the errors of the court in its charge to the jury, in that it stated as law that Hussey was to be provided with a reasonably safe place in which to work; or that the Director General was to use ordinary care and prudence to provide Hussey with a reasonably safe place in which to work.

The petition does not use the language employed by the court in its charge. The petition and the evidence describe a condition that amounts to a charge of neglect to furnish plaintiff with a reasonably safe place to work. The trial court could have used more apt language, but, from the evidence, the jury could not have been misled by this charge. The jury knew that the plaintiff and defendant were charging each other with negligence, and, under the instructions of the court, they were to determine which was the more negligent. The issue of contributory negligence was not made by the pleadings. Each party offered evidence tending to prove negligence on the part of the other. The issue of contributory negligence on the part of the plaintiff was raised by the evidence, and under the decision in *Rayland Coal Co.* v. *McFadden*, 90 Ohio St., 183, 107 N. E., 330, where the issue of contributory negligence is raised by the evidence it is to be determined by the same rules as to the burden of proof, or otherwise, as if raised by the pleadings. The court in its charge withdrew from the consideration of the jury Rule

162, except in so far as it might ''throw light on the question as to whether or not plaintiff was guilty of negligence, and, if so, how negligent he was.''

In the last analysis, this case presents a jury question, whether the defendant or the plaintiff, or both, were negligent. If both were negligent, then, under Section 8659, *supra,* the plaintiff would be entitled to recover, but the jury should consider whose negligence was the proximate cause of the injury, and whether or not the damages should be diminished in proportion to the degree of negligence of which the plaintiff was guilty. This, as we understand it, is the comparative negligence rule in force under the federal act at the time of the accident and injury.

Counsel complain of the refusal of the court to give special charges Nos. 3 and 4. This court has so many times disapproved special charges in this form that we refrain from restating the law on this subject.

Our conclusion is that the case was properly tried under the United States comparative negligence statutes; that the question of negligence, both contributory and comparative, was a question of fact for the jury; that the trial court correctly stated the law in its charge to the jury; and that the record does not contain errors prejudicial to the plaintiff in error. A rehearing will therefore be denied, and the judgment of the court of common pleas will be affirmed.

*Judgment affirmed.*

BUCHWALTER, P. J., and HAMILTON, J., concur.